JAMES A. SAVILLE, JR.
BRIAN P. EISENHOWER
HILL RIVKINS LLP
Attorneys for Plaintiff
AGCS Marine Insurance Company

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600
jsaville@hillrivkins.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

| | | |
|---|---|---|
| AGCS MARINE INSURANCE COMPANY, | : | Docket No. 16 cv _____ ( ) |
| Plaintiff, | : | |
| - *Against* - | : | **COMPLAINT** |
| GEODIS CALBERSON HUNGARIA LOGISZTIKAI KFT, | : : | |
| Defendants. | : | |

------------------------------------X

    The Plaintiff, AGCS Marine Insurance Company, by and through its attorneys Hill Rivkins LLP, as and for its complaint against the above-named defendant, alleges upon information and belief as follows:

## PARTIES

    1.    At and during all times hereinafter mentioned, Plaintiff, AGCS Marine Insurance Company ("AGCS"), was and now is a corporation organized and existing by virtue of Illinois law with an office and principal place of business at 28 Liberty Street. 37th Floor, New York, New York 10005-1423, and was cargo insurer of the subject shipment. Pursuant to a policy of insurance,

AGCS paid its insured for the loss of and damage to the subject shipment and has become subrogated to its insured's rights, however, those rights may appear.

2. At and during all times hereinafter mentioned, Defendant Geodis Calberson Hungaria Logisztikai KFT was and now is a foreign corporation with an office and principal place of business at Hermina UT 17, Floor 11, Budapest Hungary 1146, and was and now is engaged in business as common carriers of goods for hire

## JURISDICTION

3. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that this claim arises out of the Convention for the Unification of Certain Rules for the International Carriage by Air. Alternatively, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 in that plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## AS AND FOR A FIRST CAUSE OF ACTION

4. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-3 as if set forth herein at length.

5. In or about December 2014, there was delivered to defendant in good order and condition and suitable in every respect for the intended transportation a shipment of 276 computer storage equipment which defendant received, accepted and agreed to transport for certain consideration from Budapest, Hungary to Pittsburgh, Pennsylvania via JFK International Airport New York pursuant air waybill BUDA14000424.

6. Defendant failed to re-deliver the subject shipment in the same good order and condition

as when it was received.

7. By reasons of the premises, defendant breached and violated its duties and obligations as a common carrier and bailee of the shipment and was otherwise at fault.

8. Plaintiff was the shipper, owner, consignee and/or insurer of the subject shipment and brings this action on its own behalf and on behalf of all parties who are or may become interested in the subject shipment, as their respective interests may ultimately appears, and plaintiff is entitled to maintain this action.

9. Plaintiff has performed all duties and obligations on its part to be performed.

10. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $1,011,766.33, plus interest, costs and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

11. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-10 as if set forth herein at length.

12. In or about December 2014, there was delivered to defendant in good order and condition and suitable in every respect for the intended transportation a shipment of an automated data processing unit which defendant received, accepted and agreed to transport for certain consideration from Budapest, Hungary to Philadelphia, Pennsylvania via JFK International Airport New York pursuant air waybill BUDA14000421.

13. Defendant failed to re-deliver the subject shipment in the same good order and condition as when it was received.

14. By reasons of the premises, defendant breached and violated its duties and obligations as

a common carrier and bailee of the shipment and was otherwise at fault.

15. Plaintiff was the shipper, owner, consignee and/or insurer of the subject shipment and brings this action on its own behalf and on behalf of all parties who are or may become interested in the subject shipment, as their respective interests may ultimately appears, and plaintiff is entitled to maintain this action.

16. Plaintiff has performed all duties and obligations on its part to be performed.

17. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $372,258.73, plus interest, costs and attorneys' fees.

***WHEREFORE,*** Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the Defendants.

2. That a decree may be entered in favor of Plaintiff against Defendant on the First Cause of Action in the amount of Plaintiff's damages, together with pre-judgment interest, costs and attorneys' fees.

3. That a decree may be entered in favor of Plaintiff against Defendant on the Second Cause of Action in the amount of Plaintiff's damages, together with pre-judgment interest, costs and attorneys' fees.

4. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: New York, New York
December 16, 2016

HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
AGCS Marine Insurance Company


By: _____
     James A. Saville, Jr.

     45 Broadway, Suite 1500
     New York, New York 10006
     (212) 669-0600
     jsaville@hillrivkins.com

33736/Complaint