USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/28/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

AGCS MARINE INSURANCE COMPANY,

        Plaintiff,

  -v-

GEODIS CALBERSON HUNGARIA LOGISZTIKAI KFT,

        Defendant.

----------------------------------------------------------------------X

GEODIS CALBERSON HUNGARIA LOGISZTIKAI KFT,

        Third-Party Plaintiff,

  -v-

EL AL ISRAEL AIRLINES LTD., PAI TRUCKING CORP., and ALLIANCE GROUND INTERNATIONAL, LLC,

        Third-Party Defendants.

----------------------------------------------------------------------X

16-CV-9710 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

        The question presented — a matter of first impression in this Circuit — is whether Article 35 of the Montreal Convention, which provides that "[t]he right to damages shall be extinguished if an action is not brought within a period of two years," applies to suits seeking contribution and indemnification. The question arises because Defendant Geodis Calberson Hungaria Logisztikai KFT ("Geodis"), which stands accused by Plaintiff AGCS Marine Insurance Company ("AGCS") of delivering cargo it contracted to transport by air in damaged

condition (*see* Docket No. 1 ("Compl."), at ¶¶ 5-17), brings third-party claims for negligence, contribution, and indemnification against parties that carried and handled the cargo on its behalf: El Al Israel Airlines Ltd. ("El Al"), Alliance Ground International, LLC ("Alliance"), and PAI Trucking Corp. ("PAI" and, together, "Third-Party Defendants"). (*See* Docket No. 14 ("Third-Party Compl."), at ¶¶ 9-12, 16, 19, 22, 26). The question matters because the record is clear that Geodis filed its claims against Third-Party Defendants beyond the two-year mark. In other words, whether Geodis may pursue its third-party claims turns, in the first instance, on whether Article 35 of the Montreal Convention applies.

For the reasons that follow, the Court concludes that Article 35 applies to the extent that Geodis seeks damages for negligence, but does not apply to the extent that Geodis seeks contribution and indemnification. That is, following the United States Court of Appeals for the Ninth Circuit — the one and only court of appeals to address the issue presented — the Court holds that suits seeking contribution and indemnification fall outside the scope of Article 35 of the Montreal Convention and are subject to local law. It follows that Geodis's claims for indemnification and contribution (Third-Party Compl. ¶¶ 15-22) live to see another day, but its negligence claim (*id.* ¶¶ 23-26) must be and is dismissed. Given that divided result, Third-Party Defendants' request for attorneys' fees, costs, and expenses is denied.

## BACKGROUND

Third-Party Defendants move to dismiss Geodis's claims as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In deciding a Rule 12(b)(6) motion, a court ordinarily "must confine itself to the four corners of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Under Rule 12(d), however, if "matters outside the pleadings" are

submitted with a Rule 12(b)(6) motion, a court may consider those documents and treat the motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Before converting a motion to dismiss into a motion for summary judgment, a court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Such "formal notice" of an intention to treat a motion to dismiss as one for summary judgment "is not required," however, "where a party 'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings.'" *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (alterations in original) (quoting *Villante v. Dep't of Corrections of City of N.Y.*, 786 F.2d 516, 521 (2d Cir. 1986)). In particular, "[w]here both parties submit extrinsic evidence in support of their positions," a district court may fairly conclude that the parties reasonably recognized the possibility that a motion to dismiss might be converted to one for summary judgment. *Carruthers v. Flaum*, 388 F. Supp. 2d 360, 379 (S.D.N.Y. 2005). That is the situation here: Both sides rely on extrinsic evidence. (*See* Docket No. 46, Exs. 1-2; Docket No. 49, Exs. 1-2; Docket No. 50, Exs. 1-6; Docket No. 51, Ex. 3). Additionally, in its opening brief, El Al explicitly adverted to the possibility of conversion to summary judgment. (*See* Docket No. 45 ("El Al Mem.") 8 n.3). Accordingly, the Court treats Third-Party Defendants' motion as one for summary judgment and looks to evidence beyond the Third-Party Complaint.

Significantly, that evidence is undisputed and can be summarized briefly. In 2014, Geodis contracted with AGCS to ship computer equipment from Hungary to Pennsylvania. (*See* Docket No. 52 ("Geodis Opp'n"), at 2-3; Docket No. 50, Ex. 1 ("House Airway Bill 1"); Docket No. 50, Ex. 2 ("House Airway Bill 2")). Geodis, in turn, enlisted El Al to fly the equipment

from Europe to the United States.  (*See* Third-Party Compl. ¶ 10; Docket No. 46, Ex. 1 ("El Al Airway Bill")).  Alliance, meanwhile, acted as El Al's ground handling agent at John F. Kennedy Airport ("JFK Airport") in New York, to which the cargo was flown (*see* Third-Party Compl. ¶¶ 10-11; Docket No. 48 ("Supp. Mem."), at 2; Docket No. 46, Ex. 2 ("Alliance Air Delivery Ticket")), and PAI transported the cargo from JFK Airport and warehoused it in a bonded container freight station (*see* Third-Party Compl. ¶¶ 3, 10-11; Supp. Mem. 5-6; Geodis Opp'n 4; Docket No. 50, Ex. 4 ("Delivery Order and Carrier's Certificates and Release Orders")).  Shipping records reveal that El Al and Alliance delivered the cargo to JFK Airport on December 12, 2014 (*see* Alliance Air Delivery Ticket), and that the cargo left PAI's freight station on December 15, 2014 (*see* Delivery Order and Carrier's Certificates and Release Orders).  Just over two years later, on December 16, 2016, AGCS filed suit against Geodis, as the "contracting carrier," alleging that the computer equipment arrived in damaged condition.  Approximately five months later, on May 22, 2017, Geodis filed the Third-Party Complaint against Third-Party Defendants, as "actual carriers," seeking damages, contribution, and indemnification.  *See* Convention for the Unification of Certain Rules for International Carriage by Air art. 39, May 28, 1999 (entered into force on Nov. 4, 2003) ("Montreal Convention"), *reprinted in* S. Treaty Doc. No. 106–45, 1999 WL 33292734 (2000) (distinguishing between the "contracting carrier" that "makes a contract of carriage governed by [the] Convention," and the "actual carrier" that "performs, by virtue of authority from the contracting carrier, the whole or part of the carriage").

**THE SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir.

4

2012) (per curiam). A dispute over an issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23); *accord PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). In ruling on a summary judgment motion, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the Court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

## DISCUSSION

The Court begins with several matters that are not in dispute. First, the parties agree that the Montreal Convention generally applies to this case because it relates to the "international carriage" of "cargo." Montreal Convention, art. 1; *see AIG Prop. & Cas., Co. v. Fed. Express Corp.*, 15-CV-6316 (KBF), 2016 WL 305053, at *1 (S.D.N.Y. Jan. 25, 2016). Second, there is no dispute that, if Article 35 of the Montreal Convention applies to Geodis's claims against El Al, those claims would be time barred, as they were filed more than two years after El Al, as an "actual carrier," completed its delivery of the cargo. *See id.* art. 40 (providing that an "actual

5

carrier" is subject to the rules of the Convention "solely for the carriage which it performs.").

Third, as Geodis tacitly concedes (*see* Geodis Opp'n 3-4; Supp. Mem. 5-6), if the third-party claims against El Al are time barred, the third-party claims against Alliance and PAI Trucking, as agents of El Al or Geodis, are also time barred. *See* Montreal Convention, arts. 18, 43. And finally, Geodis does not contest Third-Party Defendants' argument that Article 35 *does* apply to the extent that it brings a negligence claim for damages. (*See* El Al Mem. 1; Geodis Opp'n 1). Thus, the sole issue in dispute is whether Article 35 also applies to claims for contribution and indemnification — the remaining claims that Geodis brings against Third-Party Defendants.

Only one American court — the Ninth Circuit — appears to have addressed that issue in any depth. *See Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023 (9th Cir. 2011).[1] *Chubb*, like this case, involved third-party claims for indemnification and contribution brought by a contract carrier (UPS) against an actual carrier (Qantas). The district court dismissed the claims as time-barred because they were not brought within two years of the damaged cargo's arrival at its destination. *See id.* at 1025-26. On appeal, the Ninth Circuit reversed, holding that "actions for indemnification and contribution are not subject to Article 35's two-year statute of limitations." *Id.* at 1028. "By its terms," the Court reasoned, "Article 35 extinguishes only a single right: the 'right to damages.'" *Id.* at 1026. That term is not defined in the Montreal Convention, "but its contours become clear" when viewed in light of the Convention "as a whole" — most significantly, in light of Articles defining "the circumstances in which a carrier is 'liable for damage.'" *Id.* (quoting Montreal Convention, arts. 17-19).

---

[1] The Ninth Circuit's decision in *Chubb* has since been adopted by the Court of Appeal of New South Wales, Australia. *See United Airlines Inc v Sercel Australia Pty Ltd* (2012) 260 FLR 37, at ¶¶ 77, 90-92; *see also Air France v. Saks*, 470 U.S. 392, 404 (1985) (internal quotation marks omitted) (noting that "the opinions of our sister signatories are entitled to considerable weight" on matters of treaty interpretation).

6

"Construed against this backdrop," the Court opined, "the 'right to damages' referenced in Article 35 is the cause of action under the Montreal Convention by which a passenger or consignor may hold a carrier liable for damage sustained to passengers, baggage, or cargo." *Id.* The Court concluded that the first-party action — by the cargo owner's insurer against UPS for damages to the cargo — "plain[ly] . . . asserted such a right." *Id.* "But," the Court continued, "it is equally plain that UPS's third-party action against Qantas does not. UPS does not seek compensation for damage sustained to the engine; rather, UPS, as a contracting carrier, seeks *indemnification* (and *contribution*) from Qantas, as an actual carrier, for such compensation it has already paid [the cargo owner's insurer]." *Id.*

Significantly, the Ninth Circuit found additional support for its holding in other Articles of the Convention. First and foremost, Article 37, titled "Right of recourse against third parties," provides as follows: "Nothing in this Convention shall prejudice the question whether a person liable for damage in accordance with its provisions has a right of recourse against any other person." Montreal Convention, art. 37. As the Court noted: "If Article 35 were construed to extinguish a carrier's 'right of recourse'" — the Convention's term for the "local law causes of action for indemnification, contribution, apportionment, or set-off" — "then the Convention would do precisely what Article 37 says it does not: 'prejudice the question whether a person liable for damage . . . has a right of recourse against any other person.' To avoid an explicit conflict between Articles 35 and 37, the 'right to damages' extinguished by Article 35 must be understood *not* to include a carrier's 'right of recourse' against another carrier." *Chubb*, 634 F.3d at 1027; *see id.* (noting that "[t]his reading is consistent with" Article 48 of the Convention, "which use[s] 'right of recourse' to refer to suits between carriers"). Additionally, Article 45 of the Convention provides that where "an action for damages" is brought against a contracting

7

carrier or an actual carrier, but not both, "that carrier shall have the right to require the other carrier to be joined in the proceedings, *the procedure and effects being governed by the law of the court seised of the case*." Montreal Convention, art. 45 (emphasis added). In the Ninth Circuit's view, that provision made plain that, "where an action is brought against one carrier within Article 35's two-year period, 'that carrier shall have the right to require' other carriers 'to be joined in the proceedings,' and that third-party action will be subject to 'the procedures and effects' of local law, not the strictures of Article 35." *Chubb*, 634 F.3d at 1027.

Third-Party Defendants try to distinguish and undermine *Chubb*, but their efforts are unpersuasive. First, they argue that the Ninth Circuit's decision is distinguishable because here, unlike *Chubb*, "the underlying action that forms the basis for" the third-party claims "was not commenced within the mandatory two-year period" and because *Chubb* involved a third-party action between two air carriers. (El Al Mem. 7). But neither consideration played a role in the Ninth Circuit's analysis, which turned exclusively on the language and structure of the Montreal Convention. Additionally, whether or not the underlying action in this case was commenced within the mandatory two-year period is still unresolved (*see* Geodis Opp'n 4, Docket No. 1, ¶¶ 5, 12; Docket No. 13, at 2), and, in the event it was not, Geodis's claims for indemnification and contribution would simply be moot. *See, e.g.*, *Andrulonis v. United States*, 26 F.3d 1224, 1233 (2d Cir. 1994) (establishing that a right to contribution does not arise under New York law until the defendant in the underlying action pays the plaintiff more than the defendant's equitable share). Second, Third-Party Defendants contend that the Ninth Circuit "improperly treat[ed] Article 35 as a statute of limitation" subject to tolling, "which is inconsistent with [the Second] Circuit's holding that the Convention's time limitation is a condition precedent to bringing suit." (Docket No. 57 ("Joint Reply"), at 8; *see also* El Al Mem. 7). But that mischaracterizes the

8

Court of Appeals's decision. Although the Court did call the two-year requirement in Article 35 a "statute of limitations," *see* 634 F.3d at 1025, it held that the requirement does not apply at all to claims of indemnification and contribution — not that the requirement is subject to tolling. Finally, Third-Party Defendants assert that the Ninth Circuit's later decision in *Narayanan v. British Airways*, 747 F.3d 1125 (9th Cir. 2014), somehow demonstrates that Chubb was wrongly decided. (El Al Mem. 7 n.2; *see* Joint Reply 9). As the Ninth Circuit itself noted, however, *Narayanan* involved a first-party "claim for damages — not indemnity and contribution"; accordingly, it has no bearing on the issue decided in *Chubb*. 747 F.3d at 1129 n.5.

Third-Party Defendants also cite decades-old cases from this District holding that the two-year limitation found in Article 29 of the Warsaw Convention applies to third-party actions for contribution and indemnification. (El Al Mem. 5 (citing *Data General Corp. v. Air Express Int'l Co.*, 676 F. Supp. 538, 540-41 (S.D.N.Y. 1988); *Split End Ltd. v. Dimerco Express (Phils) Inc.*, No. 85-CV-1506 (RLC), 1986 WL 2199, at *6 (S.D.N.Y. Feb. 11, 1986)).[2] It is true that Article 35 of the Montreal Convention and Article 29 of the Warsaw Convention are "virtually identical." (Joint Reply 3). It is also true that courts generally look to precedent interpreting the Warsaw Convention when construing the Montreal Convention — and have specifically looked

---

[2] Third-Party Defendants also cite two more recent cases from this District (Joint Reply 6-7 (citing *AIG Prop. & Cas., Co.*, 2016 WL 305053; and *Am. Home Assur. Co. v. Kuehne & Nagel (AG & Co.) KG*, 544 F. Supp. 2d 261, 263 (S.D.N.Y. 2008)), but neither is persuasive authority for the proposition that Article 35 of the Montreal Convention applies to indemnification and contribution claims. In *American Home Assurance*, the contracting carrier conceded that the two-year time bar applied to suits for indemnification and contribution, so the Court did not have occasion to analyze the issue. 544 F. Supp. 2d at 263-64. And in *AIG Property & Casualty*, the Court observed only in passing that "a number of courts have ruled that the two-year limitation period constitutes a condition precedent that absolutely bars suit, including third-party actions, not commenced within two years," 2016 WL 305053, at *5, but that observation was *dictum* as the case involved a subrogated claim for damages and the only authority it cited for the observation was *American Home Assurance*.

to precedent interpreting Article 29 of the earlier Convention when construing Article 35 of the later Convention. *See, e.g.*, *Ireland v. AMR Corp.*, 20 F. Supp. 3d 341, 344 & n.4 (E.D.N.Y. 2014) (citing cases). But putting aside the question of whether the Warsaw Convention cases were rightly decided on their own terms, *see Chubb*, 634 F.3d at 1028 (calling the "textual analysis" in those cases "unpersuasive"), they are inapplicable here because, with respect to the issue presented here, there is a material difference between the Warsaw Convention and the Montreal Convention. *See, e.g.*, *DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 604 (D.N.J. 2014) (noting that Warsaw Convention precedent "must be reanalyzed where the language of the Montreal Convention differs from that of its predecessor"); *see also* 149 Cong. Rec. S10870 (daily ed. July 31, 2003) (statement of then-Sen. Biden) (recognizing that negotiators intended to preserve Warsaw precedent only "to the extent applicable"). Unlike the Montreal Convention, the Warsaw Convention contained no reference to, or provisions governing, the "right of recourse." *Compare* Montreal Convention, arts. 37, 48, *with* Convention for the Unification of Certain Rules Relating to International Transportation by Air ("Warsaw Convention"), Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11. As the analysis in *Chubb* makes clear, the "right of recourse" provisions in the Montreal Convention all but compel the conclusion that Article 35 does not extend to claims for indemnification and contribution.

Accordingly, like the Ninth Circuit, the Court holds that Article 35 applies to claims for "damages," but not to claims for indemnification or contribution, which are subject to local law. Notably, that holding is in line with the Montreal Convention's object and purpose. While "the cardinal purpose of the Warsaw Convention . . . [was] to achieve uniformity of rules governing claims arising from international air transportation," *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 169 (1999) (internal quotation marks and brackets omitted), one of the

principal purposes of the Montreal Convention is to achieve "equitable compensation based on the principle of restitution" and an "equitable balance of interests," Montreal Convention, pmbl. As this case illustrates, that purpose could easily be frustrated by application of a rigid two-year rule to both damages claims against contracting carriers and indemnification and contribution claims by those contracting carriers against actual carriers, many of which complete their legs of the journey before final delivery. That is because, as here, the contracting carrier may not even learn about its potential liability until the two-year period has expired as to the actual carriers. *See* Montreal Convention art. 35 ("The right to damages shall be extinguished if an action is not brought within a period of two years . . . from the date on which the carriage stopped."); art. 40 (an actual carrier is "subject to the rules of [the] Convention . . . solely for the carriage which it performs."). Barring a contracting carrier from seeking recourse from an actual carrier in such circumstances would hardly promote an "equitable balance of interests."

Applying the Court's holding here, Geodis's claims against Third-Party Defendants are plainly barred to the extent that they seek damages for alleged negligence. (Third-Party Compl. ¶¶ 23-26). (Indeed, as noted, Geodis does not appear to even argue otherwise.) By contrast, to the extent that Geodis's action against Third-Party Defendants is an action for indemnification and contribution, it is governed by local law rather than the Montreal Convention. "Under New York law, the right to contribution does not arise in favor of the defendant unless and until the defendant pays the plaintiff an amount exceeding its equitable share of the primary judgment." *Andrulonis*, 26 F.3d at 1233. It follows that Geodis's indemnification and contribution claims against Third-Party Defendants are timely, as Geodis filed those claims on the day it filed its answer to AGCS's complaint (*see* Docket Nos. 13-14), as it is permitted to do under Rule 14(a) of the Federal Rules of Civil Procedure. *See also Andrulonis*, 26 F.3d at 1233 (permitting a

defendant to implead a third-party defendant before the right to indemnification or contribution accrues, "because that third party 'may be' liable to the defendant for a share of the plaintiff's primary judgment" and noting that "[t]he defendant's claim for contribution is thus properly characterized as 'contingent'"); *see also Yves Saint Laurent Parfums, S.A. v. Costco Wholesaler Corp.*, No. 07-CV-3214 (LBS) (HBP), 2010 WL 2593671, at *9 (S.D.N.Y. June 24, 2010) (finding that, under the Federal Rules of Civil Procedure, a third-party plaintiff may assert a third-party claim "before it has actually incurred liability or made a payment so long as the claim against the third-party defendant arises out of the same transaction and the third-party defendant may be liable to the third-party plaintiff for the latter's liability to plaintiff").

## CONCLUSION

For the reasons stated above, Third-Party Defendants' motion — after conversion to a motion for summary judgment — is GRANTED to the extent that Geodis seeks damages and DENIED to the extent that it seeks indemnification and contribution. It follows that their request for attorneys' fees, costs, and expenses — a request that rests on the assertion that Geodis's claims are clearly timely barred under the Montreal Convention (*see* El Al Mem. 9) — is also DENIED. All dates and deadlines, including the January 20, 2018 fact discovery deadline, the January 22, 2018 pretrial conference, and the March 15, 2018 expert discovery deadline, remain in effect. (Docket No. 47). The Clerk of the Court is directed to terminate Docket No. 44.

SO ORDERED.

Date: November 28, 2017
      New York, New York

_____
JESSE M. FURMAN
United States District Judge