UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
AGCS MARINE INSURANCE COMPANY, :
:
                Plaintiff, :
:
   -v- :
: 16-CV-9710 (JMF)
:
GEODIS CALBERSON HUNGARIA LOGISZTIKAI : MEMORANDUM OPINION
KFT, : AND ORDER
:
                Defendant. :
:
------------------------------------------------------------------------X
:
GEODIS CALBERSON HUNGARIA LOGISZTIKAI :
KFT, :
:
                Third-Party Plaintiff, :
:
   -v- :
:
EL AL ISRAEL AIRLINES LTD., PAI :
TRUCKING CORP., and ALLIANCE GROUND :
INTERNATIONAL, LLC, :
:
                Third-Party Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        In an Opinion and Order entered on November 28, 2017, familiarity with which is assumed, this Court held that Article 35 of the Montreal Convention — which provides that "[t]he right to damages shall be extinguished if an action is not brought within a period of two years" — does not apply to claims for contribution and indemnification. *See AGCS Marine Ins. Co. v. Geodis Calberson Hungaria Logisztikai KFT*, No. 16-CV-9710 (JMF), 2017 WL 5891818 (S.D.N.Y. Nov. 28, 2017) (Docket No. 59). On that basis, the Court denied the motions of

Third-Party Defendants El Al Israel Airlines Ltd. ("El Al"), Alliance Ground International, LLC ("Alliance"), and PAI Trucking Corp. ("PAI") to dismiss as time barred the third-party claims for contribution and indemnification filed by Defendant and Third-Party Plaintiff Geodis Calberson Hungaria Logisztikai KFT ("Geodis"). Third-Party Defendants now move for reconsideration or, in the alternative, for certification of an interlocutory appeal pursuant to Title 28, United States Code, Section 1292(b). (Docket Nos. 63 and 69).

Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (citation and internal quotation marks omitted). The major grounds justifying reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted). "It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) (internal quotation marks and brackets omitted). Indeed, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted).

Ultimately, a "district court has broad discretion in determining whether to grant a motion" for reconsideration. *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

Measured against those standards, Third-Party Defendants' motion for reconsideration borders on frivolous for one simple reason: The principal argument they make — that the Court erred in treating Geodis as the "contracting carrier" and El Al as the "actual carrier" and, on that basis, looking to Chapter V of the Convention (Docket No. 64 ("El Al Mem."), at 3-13) — is not an argument they made (or made with any clarity) on the first go around.[1] In its opposition to Third-Party Defendants' motions to dismiss, Geodis repeatedly referred to itself as the "contracting carrier," (Docket No. 52, at 3, 5, 8, 10, 13), and argued that, as a contracting carrier, its claims for contribution and indemnification against Third-Party Defendants were governed by Chapter V of the Montreal Convention, not Article 35. (*See id.* at 8-10). In their joint reply memorandum of law, however, Third-Party Defendants did not respond to those points, let alone give any indication that the applicability of *Chubb Insurance Co. of Europe S.A. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023 (9th Cir. 2011) — the principal authority upon which Geodis relied in its opposition (and upon which this Court ended up relying in its November 28, 2017 Opinion and Order) — turned on whether Geodis was a contracting carrier and El Al was the actual carrier. (*See* Docket No. 57 ("Joint Reply"), at 8-9). In fact, Third-Party Defendants mentioned the terms "contracting carrier," "actual carrier," and Chapter V only once, quoting Article 40 of the Convention for the proposition that "[i]f an actual carrier

---

[1] In light of that, the Court need not and does not consider Third-Party Defendants' argument on the merits. The Court notes, however, that there is substantial authority supporting the conclusion that Geodis qualifies as a "contracting carrier" for purposes of the Convention. (*See* Docket No. 71 ("Geodis Opp'n"), at 4-7 (citing cases)). El Al more or less concedes as much in its reply memorandum of law. (*See* Docket No. 72 ("El Al Reply"), at 5 (criticizing Geodis's authorities as inapposite and wrongly decided)).

3

performs the whole or part of carriage which . . . is governed by this Convention, both the contracting carrier and the actual carrier shall, except as otherwise provided in this Chapter, be subject to the rules of this Convention." (*See id.* at 6).[2] If anything, therefore, Third-Party Defendants accepted Geodis's characterization of itself as a "contracting carrier" and El Al as the "actual carrier" and argued that the characterizations did not matter — exactly the opposite of what they argue now.[3]

Beyond raising their new argument that Geodis does not qualify as a "contracting carrier," Third-Party Defendants' motion merely rehashes arguments that they made in their initial motion papers: that *Chubb* was wrongly decided and is distinguishable (*compare* El Al Orig. Mem. 7; Joint Reply 8-9, *with* El Al Mem. 7-11; El Al Reply 5 n.4); that the Court should look to precedent applying Article 29 of the Warsaw Convention (*compare* El Al Orig. Mem 4-6; Joint Reply 2-3, *with* El Al Mem. 15-18); and that the plain language of the Montreal Convention requires dismissal (*compare* Joint Reply 5-8, *with* El Al Mem. 12; El Al Reply 1, 4). The Court considered and rejected these arguments in its November 28, 2017 Opinion and Order. *AGCS Marine Ins. Co.*, 2017 WL 5891818, at *3-4. Third-Party Defendants' disagreement with the Court's decision alone is not a basis for reconsideration. *See, e.g.*, *Analytical Surveys*, 684 F.3d at 52; *see also, e.g.*, *Empire Merchants, LLC v. Merinoff*, No. 16-CV-9590 (JMF), 2018 WL

---

[2]  That is once more than in El Al's opening memorandum of law, where the words "actual carrier," "contracting carrier," and "Chapter V" did not appear at all. (*See* Docket No. 45 ("El Al Orig. Mem.")).

[3]  Third-Party Defendants Alliance and PAI went even further, explicitly arguing in their supplemental memorandum of law in support of the motions to dismiss that "it is not disputed that Geodis is an indirect air carrier." (Docket No. 48, at 7). They also argued, for purposes of the Montreal Convention, "the period of 'carriage by air'" included not only the time when the goods at issue were being flown by El Al, but also the time when they were transported on land by PAI. (*Id.* at 7-8). Conspicuously, PAI does not join the motion for reconsideration and both El Al and Alliance now argue the exact opposite. (*See* El Al Mem. 14; Docket No. 69, at 1-2; El Al Reply 2).

4

317848, at *2 (S.D.N.Y. Jan. 5, 2018) (denying a motion for reconsideration on the ground that the moving parties were seeking "an impermissible second bite at the apple").

Whether to authorize an interlocutory appeal is a closer question, if only because all parties support certification, (El Al Mem. 21-25; Geodis Opp'n 10-11), and the applicability of Article 35 of the Convention is an important issue upon which only one other Court (the Ninth Circuit in *Chubb*) has opined. Nevertheless, the Court concludes, with some misgivings, that certification is inappropriate due to Third-Party Defendants' failure to press the "contracting carrier"/"actual carrier" argument until their motion for reconsideration. Under Section 1292(b), a district court has discretion to certify an order for interlocutory appeal if the moving party shows that the order (1) "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see, e.g.*, *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, No. 12-CV-8852 (JMF), 2014 WL 1881075, at *1 (S.D.N.Y. May 9, 2014). Had Third-Party Defendants properly raised the "contracting carrier"/"actual carrier" argument in their initial motion papers, those requirements might well have been met here. But in light of their failure to do so, they fail to meet two of the conditions for certification of an interlocutory appeal.

First, the order (really, *orders* — plural — as the appeal would have to be taken from this Order as well) does not involve a pure issue of law. Instead, the Court of Appeals would have to review the record to determine if Third-Party Defendants waived the "contracting carrier"/"actual carrier" argument. *See, e.g.*, *Pratt v. Hometown Fin., Inc.*, 99-13888-FJO-7, 2002 WL 1046702, at *1 (S.D. Ind. May 14, 2002) (noting that the determination of whether an argument was waived was not "something the court of appeals could decide quickly and cleanly

without having to study the record" and, thus, that a related order was "not a proper subject for certification" of an interlocutory appeal (citation and internal quotation marks omitted)). Second, the posture makes it less likely that an immediate appeal would materially advance the ultimate termination of the litigation. If the Second Circuit were to agree with this Court's determination that Third-Party Defendants waived the "contracting carrier"/"actual carrier" argument, it might well decline to take the appeal. *See, e.g.*, *Smith v. Laddin*, 424 B.R. 529, 537 (N.D. Ala. 2010) (noting an appellate court would likely decline interlocutory review where an argument was not raised in the court below). Alternatively, it might take the appeal and then decide not to reach the ultimate issue in light of the less-than-ideal record in this case. *See, e.g.*, *United States v. Caremark, Inc.*, 634 F.3d 808, 811 n.1 (5th Cir. 2011) ("[W]here an issue is not fully developed in the district court, we may decline to reach it [on interlocutory appeal]."); *Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 998-99 (9th Cir. 2014) (refusing to consider on interlocutory review an argument raised for the first time in defendant's motion for reconsideration); *Forras v. Andros*, 184 F. App'x 33, 35 (2d Cir. 2006) (declining to address on interlocutory review several issues that were not raised before the district court). In either case, the only effect of certification would be delay.

For the reasons stated above, Third-Party Defendants' motion for reconsideration or, in the alternative, for certification of an interlocutory appeal pursuant to Section 1292(b) is DENIED. The Clerk of the Court is directed to terminate Docket Nos. 63 and 69.

SO ORDERED.

Date: January 12, 2018
New York, New York

JESSE M. FURMAN
United States District Judge